UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL REESCANO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 4:17-CV-2823 |
| | § | |
| JESSE BELL, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Michael Reescano was, at all times relevant to this case, an inmate in the Harris County jail. He filed suit under 42 U.S.C. § 1983, alleging that defendant Jesse Bell, a Detention Officer at the jail, used excessive force against him. He alleges that defendant Gonzales, the Harris County Sheriff, failed to properly train jail staff. This case is before the court on Gonzales' motion to dismiss, and Bell's motion for summary judgment. For the following reasons, both motions are granted and this case is dismissed with prejudice.

### I.  Background

Reescano alleges that Bell struck him on the head with his open hand causing headaches, blurred vision, and ongoing mental health issues. Reescano was confined in the jail's mental health unit ("MHU") at the time. Complaint at 13; Plaintiff's More Definite Statement ("MDS") at 1. Reescano contends that Bell used excessive force, in violation of Reescano's Eighth Amendment rights, and that defendant Gonzales failed to properly train jail employees and failed to maintain a safe environment for jail inmates. Complaint at 13; MDS at 1.

On November 21, 2017, Gonzales filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted. On February 19, 2018, Bell moved for summary judgment. Reescano has not responded to either motion.

## II.     The Applicable Legal Standards

### A.     Motion to Dismiss

In reviewing a motion to dismiss under rule 12(b)(6), the complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir.1986). The standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 601 (1969).

### B.     Summary Judgment

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact" and therefore judgment is appropriate as a matter of law. Fed. R. Civ. P. 56(c). In considering a motion for summary judgment, the "evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once the movant presents evidence demonstrating entitlement to summary judgment, the nonmovant must present specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986).

## III. Analysis

### A. Excessive Force

Reescano contends that Bell used excessive force against him.

> To establish an excessive use of force claim, a plaintiff must demonstrate "(1) an injury (2) which resulted directly and only from the use of force that was excessive to the need and (3) the force used was objectively unreasonable." *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir.2001) (citations and internal quotation marks omitted). Further, the "injury must be more than a de minimis injury and must be evaluated in the context in which the force was deployed." *Id.*

*Lockett v. City of New Orleans*, 607 F.3d 992, 999 (5th Cir. 2010).

Defendant Bell submits evidence that, on the date in question, he was assigned to work in the MHU. Bell entered the cellblock where Reescano was housed, and an inmate yelled "Get the fuck out." Other inmates then began repeating the comment. Bell and another officer eventually identified the original speaker as Reescano. Bell Affidavit, Exhibit A to Bell's Motion for Summary Judgment, at 3.

The officers instructed the inmates to sit at a dayroom table so they could be counted. Reescano stated that he needed to go to a single cell. When Bell told him to sit at the table, Reescano replied: "It's Mr. Reescano to you Mother Fucker." *Id.* Reescano then threatened to assault Bell. *Id.* Bell then ordered Reescano into a vestibule. Reescano refused, and continued to make threatening comments. Bell then grabbed Reescano by the arm and escorted him into the vestibule. *Id.* Reescano continued to make threatening comments. *Id.* at 4.

After completing the count, Bell ordered Reescano to re-enter the cell. Reescano refused, again demanding to be taken to a single cell. Bell again grabbed Reescano by the

arm to usher him into the cell. Reescano turned abruptly toward Bell "in an aggressive manner as though he was attempting to strike me about the face." *Id.* Bell raised his right hand to protect his face, inadvertently striking Reescano with the back of his hand. *Id.* Bell left the cell and directed another officer to take Reescano for a medical examination. *Id.*

The evidence presented in support of Bell's motion, in the form of Bell's affidavit, thus establishes that Reescano was aggressive toward Bell, that Bell took reasonable steps to defend himself, and that Bell striking Reescano was merely inadvertent, incidental contact resulting from Bell's attempt to defend himself. The evidence thus establishes both that the force used by Bell was objectively reasonable, and was not excessive to the need.

> If the movant . . . meet[s] th[e] burden [of demonstrating the absence of a genuine issue of material fact], the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial.
>
> This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by "unsubstantiated assertions, or by only a scintilla of evidence. We resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts. We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.

*Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations and internal quotation marks omitted).

Bell has presented evidence showing that his actions did not violate Reescano's Eighth Amendment rights. Reescano has failed to present any evidence rebutting Bell's evidence, or otherwise demonstrating that there is a genuine disputed issue of material fact. Therefore, Bell is entitled to summary judgment.

B.  Failure to Train

Liability may be found under section 1983 when a deprivation of constitutional rights results from a municipal policy or practice of failing adequately to train employees. *Burge v. St. Tammany Parrish*, 336 F.3d 363, 369 (5th Cir. 2003). A claim that failure to train caused a constitutional violation "requires that a plaintiff demonstrate at least a pattern of similar violations arising from training that is so clearly inadequate as to be obviously likely to result in a constitutional violation." *Id.* at 370 (internal quotation marks and citations omitted). Reescano fails to identify any Harris County Sheriff's Department training policy, fails to identify any pattern of constitutionally excessive use of force, and fails to offer anything other than conclusory allegations that the training of jail staff is inadequate.

> In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere conclusory allegations...." *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir.1989). . "Conclusory allegations and unwarranted deductions of fact are not admitted as true" by a motion to dismiss. *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir.1974).

*Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Because Reescano fails to plead any facts showing a policy, custom, practice, or pattern, his failure to train claim must be dismissed.

C.  Conclusion

For the foregoing reasons, Jesse Bell's motion for summary judgment and Sheriff Gonzales' motion to dismiss are granted. The complaint is dismissed with prejudice.

## IV. Order

1. Defendant Jesse Bell's motion for summary judgment (Doc. # 15) is GRANTED;

2. Defendant Sheriff Gonzales' motion to dismiss (Doc. # 13) is GRANTED; and

3. The complaint (Doc. # 1) is DISMISSED WITH PREJUDICE.

It is so ORDERED.

SIGNED on this 1st day of August, 2018.

_____  
Kenneth M. Hoyt  
United States District Judge